## THOMAS H. HOOD'S G'D'N *v.* THOMAS H. HOOD.

**Administrator—Distribution—Guardian and Ward.**

> Where one is administrator of an estate and also guardian of one of the minor heirs and distributes money to one of the heirs knowing that such heir is indebted to his ward and such debt is lost to his ward, he is liable to the ward for his negligence in failing to withold such money.

### APPEAL FROM SCOTT CIRCUIT COURT.

#### April 11, 1876.

OPINION BY JUDGE COFER:

There is no question but that the appellant knew before he had distributed any part of the estate of Mrs. Hood that she was bound as the surety of W. N. Hood on his notes given for Thomas H. Hood's share of the purchase money of the land in Mississippi. Being both administrator of her estate and guardian of Thomas, it was clearly his legal duty to secure the debt due to his ward out of the estate of Mrs. Hood, and having failed to do so, he is respon-

sible for so much of the debt as Mrs. Hood's estate would have paid, unless he has in some way been released from that liability.

We do not regard it as material whether the judgment rendered in Mississippi, in the chancery suit brought by Thomas to foreclose the liens on the land situated in that state, is a valid personal judgment against the appellant as administrator of the estate of Mrs. Hood, or not. His liability does not depend upon that judgment, but grows out of a breach of his duty as guardian to get possession of the estate of his ward.

Nor is it material that the notes on which Mrs. Hood was surety were not in appellant's hands, and were not payable to either him or his ward. Appellant knew the facts as they really existed, and it was both his right and duty to hold in his hands enough of the estate of Mrs. Hood to satisfy the claim of his ward growing out of her suretyship for W. N. Wood. But he relies upon a settlement made with Thomas in February, 1871, and a receipt in full for all demands against him, either as administrator or guardian, for his exoneration from further liability.

That settlement has, we think, been successfully attacked. The settlement with the county court contained many errors; his accounts as kept by himself and exhibited to the appellee at the time the settlement was made, are not produced, and cannot be presumed to have been either more complete or more accurate than his county court settlements.

Several items which entered into the county court settlements, and may be presumed to have been embraced in the settlement of February, 1871, are admitted to be incorrect, and one item of $1,500, and another of near $2,000, besides interest credited to the appellant in that settlement, have not been sustained by the evidence in this case.

The facts in regard to the item of $1,500 are about these. The appellant claims that his wife, who was a sister of the appellee, was in debt at the time of their marriage in about the sum of $1,500, which he subsequently paid. He claims that, in consideration that he would surrender to the appellee the balance of his wife's interest in Mrs. Hood's estate, the appellee agreed to allow him to retain out of it the said sum of $1,500. The entire surplus estate of Mrs. Hood was not sufficient, after deducting the amount realized by the sale of the Mississippi land, to pay the balance due to the appellee on W. N. Hood's notes; and as her entire estate was liable for that balance, appellant's wife was entitled to nothing as distributee or

devisee of her mother; and there was, therefore, no consideration for the alleged agreement to allow the appellant to retain the $1,500.

The facts in regard to the other credit referred to above are these. Appellant as administrator of Mrs. Hood loaned to Sidney Smith $3,300 belonging to her estate. Smith, although esteemed wealthy at the time the loan was made, failed, and only about $1,200 were realized on the entire debt. Appellant claims that this loan was made at the instance of his wife and W. N. Hood to Smith, who was their uncle, and that because the loan was thus made, the appellee agreed to release him from liability for it. If these facts are to be taken as established, the appellant must still be held liable. It was his duty to take security for the loan; and not having done so, he was personally liable for the amount, and the mere agreement of the appellee to release him, even if made, was without consideration.

These errors in the details of the settlement made in February, 1871, were alone sufficient to avoid it, especially in view of the relations between the parties. It is claimed, however, that the appellee fully understood all the facts; that he had examined the settlements made in the county court, had consulted counsel, and examined the accounts as kept by the appellant in his private account book, and having made a settlement, he should be held to abide it. It is evident that the settlements were not of a character to give accurate information of the state of accounts between the appellant and his late ward, and from that fact alone the settlement should not be held conclusive.

It was the appellant's duty to make a full and complete exposure of his actions and doings, and having failed to do so, even though an innocent mistake, he cannot hold the appellee to the settlement when it is shown to have been erroneous in so many important particulars.

But we think there is enough to show that the appellee, with a full understanding of all his rights, ratified the distribution made by the appellant to W. N. Hood, and having done so for so long a time, he should not be permitted at this late day to repudiate that ratification by which the appellant may have been lulled into security, and in consequence of which he may have forborne to proceed against William for indemnity. No specific objections to the judgment have been pointed out by the appellee; and we do not perceive any entitling him to a reversal on his cross-appeal. The judgment

seems to us to do substantial justice to both parties and is *affirmed* on the original and cross-appeal.

*Buckner & Thornton, for appellant.*

*A. Duvall, G. V. Payne, W. S. Darnably, for appellee.*